[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Norwalk Yellow Cab, Inc. appeals a decision of the defendant department of transportation authorizing the defendants Rock Shtufaj and Joseph Zinicola, doing business under the name Norwalk Taxi, to operate two taxicabs in the city of Norwalk. The department acted pursuant to General Statutes § 13b-97. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendants.
The department is the state agency that is responsible for regulating common carriers of passengers for hire under General Statutes § 13b-95 et seq. On January 13, 1993, pursuant to § 13b-97, defendant Norwalk Cab applied to the department for a certificate of public convenience and necessity and requested authorization for the operation of thirty-five taxicabs in Norwalk.
The department held a hearing on the application on June 15, 1994. At the hearing, plaintiff Norwalk Yellow Cab, Inc. appeared in opposition to the application and was granted party status on the basis that it was an existing certificate holder in Norwalk. Defendants Shtufaj and Zinicola testified in support of their application, and they presented a member of the public, Margarita Castro, a resident of Norwalk and frequent user of Norwalk Yellow Cab's services, who also testified in support of the defendants' application. Over the objection of the plaintiff, the defendants submitted five letters from other members of the public, all of whom wrote in support of allowing some competing taxi service in Norwalk. At the close of the hearing, the hearing officer announced that the defendants would be permitted to submit some financial data as late filed evidence after the close of the hearing. The plaintiff did not object to this procedure, and the defendants subsequently filed the data, furnishing copies to the plaintiff.
The plaintiff also presented evidence at the hearing. Martin Darby, president and owner of the plaintiff corporation, testified in opposition to the application, as did four of his drivers and an owner/operator who operates under the plaintiff's permit. All of these witnesses testified to the effect that there was no need for any additional taxicabs to serve Norwalk. In addition, the plaintiff introduced some documentary CT Page 7209 evidence showing the volume of its business.
Following the hearing, on September 21, 1994, the departmental hearing officer rendered his final decision. The officer found that the defendant Norwalk Cab is financially capable of supporting two taxicabs in service and that its principals, defendants Shtufaj and Zinicola, have sufficient experience "to handle a taxicab business." On the critical point of public convenience and necessity, the officer found as follows:
 On issue of demand and public convenience and necessity, the Applicant has proven to the Department that there is some problem with the current service offered by Norwalk Yellow Cab. The testimony of record shows that there is often a wait of thirty (30) minutes or more and that there are illegal practices of forced shared rides, not using the meters, and taking customers out of their way before dropping them off.
Based on his findings and conclusions, the hearing officer approved the defendants' application and authorized them to operate two taxicabs in Norwalk. It is that decision which is the subject of this appeal.
The plaintiff raises four issues as the bases of its appeal: (1) that the hearing officer incorrectly construed the statutory term "public convenience and necessity;" (2) that there was insufficient evidence to support the hearing officer's finding of public convenience and necessity; (3) that the hearing officer should not have admitted the five letters from members of the public supporting the defendants' application; and (4) that the hearing officer should not have admitted the defendants' financial data, filed in the record after the close of the hearing. After examination of the whole record in this case, review of the briefs of counsel, and considering their oral arguments, the court concludes that the plaintiff's claims cannot be sustained.
Certain familiar general principles of administrative law, which are binding on this court, dispose of the first two grounds of the plaintiff's CT Page 7210 appeal, as enunciated above. One such basic principle is that the scope of the court's review of an administrative agency's decision is very limited. General Statutes § 4-183 (f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably , arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of PublicUtility Control, 219 Conn. 51, 57-58 (1991). Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." Id "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers,218 Conn. 580, 601 (1991).
The plaintiff contends that the hearing officer's findings concerning the quality of service currently provided by the plaintiff's cabs are not sufficient to support his conclusion that the public convenience and necessity require additional cabs to be provided by a competitor. These are, however, precisely the areas of administrative expertise, fact-finding and judgment into which the court may not appropriately intrude. There was clear and substantial evidence of the shortcomings of the current taxi service in Norwalk, most notably in the unequivocal testimony of Ms. Castro. The hearing officer was entitled to give full credence to that testimony, as well as to the testimony of the individual defendants. Likewise, the hearing officer was entitled to reject in whole or in part the testimony of the plaintiff's witnesses.
The hearing officer was also entitled to reach conclusions of law, so long as those conclusions are reasonable in light of the evidence. Since in this case, the officer's conclusions concern a statute that the department is responsible for enforcing, his interpretation must be given considerable deference by this court. "Although the construction and interpretation CT Page 7211 of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement."Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993).
Pursuant to § 4-183(j), the court must affirm the agency's decision unless it finds that substantial rights of the appellant have been prejudiced by errors of law or that the agency's factfinding is clearly erroneous in view of the evidence in the record. With regard to the agency's legal conclusions in this case, the court cannot say that the hearing officer misinterpreted the statutory term "public convenience and necessity," especially given the deference owed to his interpretation under the rule of the Starr case, supra. Likewise, the court cannot find that the hearing officer's factual findings in support of his decision were "clearly erroneous" in view of the evidence on the whole record. As indicated, the officer's findings were amply supported by live testimony at the hearing.
The plaintiff next argues that the hearing officer erred in admitting the five letters from members of the public because they constituted hearsay. The court agrees that the admission of these letters was questionable. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v.Civil Service Commission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). In this case, however, there was nothing to support the reliability of the letters and statements, many of which lacked identifying details such as addresses and none of which were under oath.
Although the hearing officer erred in admitting the letters, his decision may not be reversed on that basis unless substantial rights of the plaintiff were prejudiced as a result. That did not happen. The letters supported the officer's finding of public convenience and necessity, but they were only cumulative of other more CT Page 7212 potent evidence; that is, the direct and explicit testimony of Ms. Castro. The hearing officer thus had ample substantial evidence to support the same factual finding without considering the content of the letters. Their admission in evidence did not substantially prejudice the plaintiff, therefore.
Finally, the plaintiff contends that the hearing officer erred in admitting the late filed financial reports. The plaintiff claims that they constitute hearsay and that it is improper for an agency to rely on extra-record evidence. The short answer to the plaintiff's arguments with respect to this evidence is that it did not object to it at the hearing. "When hearsay statements have come into a case without objection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Citations and internal quotation marks omitted.) Volck v. Muzio, 204 Conn. 507, 518
(1987).
In summary, the court finds that the hearing officer committed no error of law or fact sufficient to require the reversal of his decision. It must, therefore, be affirmed.
The appeal is dismissed.
MALONEY, J.